# UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND

| | |
|---|---|
| KEVIN LEON DIXON,<br><br>Petitioner,<br><br>v.<br><br>RICHARD DOVEY, *Warden*, and<br>ATTORNEY GENERAL OF THE<br>STATE OF MARYLAND,<br><br>Respondents. | Civil Action No. TDC-17-1938 |

## MEMORANDUM OPINION

Petitioner Kevin Leon Dixon, an inmate at the Maryland Correctional Training Center in Hagerstown, Maryland, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in which he collaterally attacks his 2008 conviction for second-degree assault. Respondents have filed a Limited Answer in which they argue that the Petition should be dismissed as untimely. Pursuant to *Hill v. Braxton*, 277 F.3d 701, 707 (4th Cir. 2002), Dixon was afforded an opportunity to explain why the Petition should not be dismissed as time-barred. The Court then received from Dixon a filing in which he asks the Court 11 questions seeking details about the assault for which he was convicted and asserts that he is incarcerated for second-degree assault "without any 'evidence' or 'proof.'" Limited Reply at 1, ECF No. 11. Upon review of the submitted materials, the Court finds no need for an evidentiary hearing. *See* Rule 8(a), Rules Governing Section 2254 Cases in the United States District Courts; D. Md. Local R. 105.6. For the reasons set forth below, the Petition will be DISMISSED as time-barred.

## BACKGROUND

On September 23, 2008, Dixon entered an *Alford* plea to second-degree assault in the Circuit Court for Somerset County, Maryland. He was sentenced to ten years of imprisonment with all but 18 months suspended, to be followed by five years of supervised probation. On October 20, 2008, the court amended Dixon's probation to include a requirement of sex offender registration. Dixon did not seek leave to appeal from the judgment.

On August 9, 2010, Dixon was found guilty of violating the terms of his probation. As a result, on March 8, 2011, the circuit court imposed the remaining eight years and six months of his previously suspended sentence. Dixon sought leave to appeal that judgment on October 4, 2011. On October 19, 2011, his application was denied as untimely. Dixon did not seek further review of the denial.

On May 27, 2014, Dixon filed a petition for post-conviction relief, which he supplemented on January 29, 2015. The circuit court construed Dixon's post-conviction petition as a motion to correct an illegal sentence, and on April 21, 2015, the court granted the motion to the extent that Dixon sought to strike the requirement that he register as a sex offender. The circuit court's ruling did not affect the ten-year sentence that had been imposed. Dixon did not seek leave to appeal that decision.

Dixon filed the instant Petition on July 5, 2017. *See Houston v. Lack*, 487 U.S. 266, 276 (1988) (holding that a prisoner's submission is deemed to have been filed on the date it was deposited in the prison mailing system). On August 31, 2017, Dixon filed another petition for post-conviction relief in state court, which the circuit court dismissed on September 28, 2017.

# DISCUSSION

In their Limited Answer, Respondents assert that the Petition should be dismissed as time-barred because it was filed well beyond the one-year limitations period of 28 U.S.C. § 2244(d). In particular, Respondents highlight that, after Dixon's conviction became final, there were no state post-conviction or other collateral review proceedings pending in Dixon's case between: (1) April 7, 2011 and May 26, 2014 (over three years); and (2) May 21, 2015 and August 31, 2017 (over two years). These periods, individually and collectively, exceed one year. Although Dixon has sent correspondence to the Court following the filing of Respondents' Limited Answer, he has not addressed the timeliness of his Petition.

## I. Legal Standard

A petition for a writ of habeas corpus may be granted only for violations of the Constitution or laws of the United States. 28 U.S.C. § 2254(a) (2012). Such a petition is subject to the following statutory limitations period:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.* § 2244(d)(1). This one-year period is, however, tolled while properly filed state post-conviction petitions are pending. *Id.* § 2244(d)(2).

## II. Timeliness

Dixon did not seek leave to appeal the March 8, 2011 judgment of the circuit court imposing the remaining eight years and six months of his previously suspended sentence after he violated conditions of probation. Therefore, the one-year limitations period began running on April 7, 2011, when Dixon's conviction became final upon the expiration of the time period for filing an application for leave to appeal to the Court of Special Appeals of Maryland. *See* Md. Rule 8-204(b)(2) (stating that an application for leave to appeal must be filed within 30 days of the entry of the judgment from which the appeal is sought). Because Dixon did not file his first state petition for post-conviction relief until May 27, 2014, the limitations period ran uninterrupted until it expired on April 7, 2012. *See* 28 U.S.C. § 2244(d). Dixon fails to assert, and the Court cannot identify, a basis for finding that any of the later dates for the commencement of the limitations period, as specified in 28 U.S.C. § 2244(d)(1)(B)–(D), are applicable to his Petition. Thus, the Petition is time-barred.

As discussed above, the circuit court construed Dixon's May 27, 2014 post-conviction petition to be a motion to correct an illegal sentence and granted it in part by rescinding the requirement of sex offender registration. Even if this Court were to deem the circuit court's ruling on that motion as a new judgment, Dixon's Petition in this Court would still be time-barred. The ruling became final on May 21, 2015, more than a year before Dixon filed either this action, on July 5, 2017, or his second post-conviction petition in the circuit court, on August 31, 2017.

4

## III. Equitable Tolling

Under certain circumstances, the statute of limitations for *habeas* petitions may be subject to equitable tolling. *See, e.g., Harris v. Hutchinson*, 209 F.3d 325, 329–30 (4th Cir. 2000); *United States v. Prescott*, 221 F.3d 686, 687–88 (4th Cir. 2000). A petitioner seeking equitable tolling must show either that there was wrongful conduct by the respondent that prevented the petitioner from filing on time, or that there were "extraordinary circumstances" beyond the petitioner's control or external to the petitioner's own conduct that prevented timely filing of a petition. *Harris*, 209 F.3d at 330; *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) (*en banc*). The application of equitable tolling must be "guarded and infrequent" and "reserved for those rare instances where— due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Harris*, 209 F.3d at 330. Ignorance of the law is not a basis for equitable tolling. *See United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004). Here, Dixon presents, and the Court finds, no persuasive basis for equitable tolling of the limitations period.

## IV. Certificate of Appealability

When the district court dismisses or denies a petition for a writ of habeas corpus, an inmate may appeal the ruling only upon the issuance of a certificate of appealability. 28 U.S.C. § 2253(c)(1). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). When a district court rejects constitutional claims on the merits, a petitioner satisfies the standard by demonstrating that "jurists of reason could disagree with the district court's resolution of [the] constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Buck v. Davis*, 137 S. Ct. 759, 773 (2017) (quoting *Miller-El v. Cockrell*, 537 U.S. 322,

327 (2003)). When a petition is denied on procedural grounds, the petitioner meets the standard with a showing that reasonable jurists "would find it debatable whether the petition states a valid claim of the denial of a constitutional right" and "whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because Dixon fails to satisfy this standard, the Court declines to issue a certificate of appealability. Dixon may still request that the United States Court of Appeals for the Fourth Circuit issue such a certificate. *See Lyons v. Lee*, 316 F.3d 528, 532 (4th Cir. 2003).

## CONCLUSION

For the foregoing reasons, the Petition is DISMISSED as time-barred. The Court declines to issue a certificate of appealability. A separate Order shall issue.

Date: November 19, 2018

THEODORE D. CHUANG
United States District Judge